Filed 6/5/15  P. v. Johnson CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>EDWIN DALE JOHNSON,<br><br>    Defendant and Appellant. | B260441<br><br>(Los Angeles County<br>Super. Ct. No. KA025337) |

APPEAL from a judgment of the Superior Court of Los Angeles County. William C. Ryan, Judge.  Affirmed.

California Appellate Project, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Appellant Edwin Dale Johnson was convicted in 1995 of three counts of assault with a firearm in violation of Penal Code[1] section 245, subdivision (a)(2) and three counts of robbery in violation of section 211. The jury found true the allegation that appellant used a firearm in the commission of the robberies within the meaning of section 12022.5, subdivision (a). Appellant was found to have two or more prior convictions within the meaning of sections 667, subdivisions (b) through (i) and section 1170.12 (the Three Strikes law) and was sentenced to a term of 83 years to life in state prison. Appellant's conviction was affirmed by this court in case number B094315. (*People v. Johnson* (July 18, 1996, B094315 [nonpub. opn.].)

After the November 2012 passage of Proposition 36, appellant filed a petition to recall his sentence. The superior court ordered counsel appointed for appellant for purposes of the petition. On October 31, 2014, the trial court entered an order denying appellant's petition.

Appellant appeals from the order after judgment, as one affecting his substantial rights. (§ 1237, subd. (b); *Teal v. Superior Court* (2014) 60 Cal.4th 595.) Finding no error, we affirm.

Background

In November 2012, the voters enacted the Three Strikes Reform Act (Proposition 36) to limit the types of felonies that qualify a defendant for imposition of the indeterminate life sentence required for a "third strike" conviction. In addition, the measure created a resentencing mechanism for inmates previously sentenced to life terms under the previous version of the Three Strikes law. (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 167.) The provisions of Proposition 36 are found in section 1170.126.

Proposition 36 does not apply to all inmates serving an indeterminate term under the Three Strikes law. An inmate must meet the requirements of section 1170.126, subdivision (e). That subdivision provides that an inmate is not eligible for resentencing

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

if he is serving a sentence for any violent felony listed in section 667.5, subdivision (c). (§ 1170.126, subd. (e)(1).) Appellant's current sentence is for robbery, which is a violent felony listed in section 667.5, subdivision (c)(9). The trial court found that appellant's robbery convictions made him ineligible for resentencing.

Discussion

Appellant filed a timely notice of appeal, and we appointed counsel to represent him on appeal. Appellant's counsel filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, and requested this court to independently review the record on appeal to determine whether any arguable issues exist.

On March 16, 2015, we advised appellant he had 30 days in which to personally submit any contentions or issues which he wished us to consider. On April 14, 2015, appellant filed a supplemental letter brief. This brief does not address the merits of the superior court's 2014 ruling on appellant's motion to recall. Rather, appellant attempts to raise issues involving the trial court's 1995 sentencing decision, and to argue that he has been rehabilitated while in prison and should be released. These issues are outside the scope of this appeal.

We have examined the entire record and are satisfied appellant's attorney has fully complied with his responsibilities and no arguable issues exist. (*People v. Wende*, *supra*, 25 Cal.3d at p. 441.)

Disposition

The order is affirmed.


NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


GOODMAN, J.[*]

We concur:


TURNER, P.J.


KRIEGLER, J.

---

[*]     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.